**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CLEO G.**, | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-24-2834** |
| **COMMISSIONER OF SOCIAL SECURITY,** | * | |
| | * | |
| **Defendant.** | | |

**MEMORANDUM OPINION**

On October 1, 2024, Plaintiff Cleo G. petitioned this Court to review the final decision of

the Social Security Administration (SSA or Commissioner) denying her claim for Disability

Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*.  ECF No. 1.

On September 29, 2025, the Court reversed the Commissioner's decision and remanded the case

for further proceedings.  ECF Nos. 18–19; *Cleo G.* v. *Commissioner of Soc. Sec.*, Civil Action

No. EA-24-2834, 2025 WL 2771919 (D. Md. Sept. 29, 2025).  Pending before the Court is

Plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act

(EAJA), 28 U.S.C. § 2412(d)(1)(A).  ECF No. 20.  The motion is fully briefed, and no hearing is

necessary.[1]   ECF Nos. 20–21; Local Rule 105.6 (D. Md. Dec. 1, 2025).

I.      **BACKGROUND**

Plaintiff seeks an award of $12,493.71 in attorney's fees.  ECF No. 20.  In support of her

motion, Plaintiff's attorney affirms that he "has been practicing Social Security Disability law

almost exclusively for over twenty years at the administrative and federal court levels of appeal."

ECF No. 20-2 ¶¶ 2–3.  While representing Plaintiff in this matter, counsel filed a complaint and

---

[1]  Plaintiff elected not to file a reply and the time for doing so has elapsed.  Local Rule
105.2(a) (D. Md. Dec. 1, 2025).

opening brief, followed by a reply brief. *Id.* at ¶¶ 5–6. Counsel affirms that he expended 46.7 attorney hours in this capacity, while his staff added 5.67 paralegal hours. *Id.* at ¶¶ 8–9. Counsel billed the paralegal time at $100.00 per hour and his own time at $255.39 per hour. *Id.* at ¶¶ 9, 12. He calculated these hourly rates by taking the EAJA attorney base rate of $125 per hour and accounting for the cost-of-living increase set by the Consumer Price Index Inflation Calculator published by the United States Bureau of Labor Statistics. *Id.* at ¶ 12; ECF No. 20-4.

Plaintiff filed itemized lists of the work performed by counsel and his staff and the time spent on each task, which are summarized below. ECF No. 20-3; *see also* ECF No. 20-2 ¶ 8.

| Description of Work Billed by Attorney | Hours |
|---|---|
| Review of case for appeal | 2.5 |
| Reviewed/revised case initiating documents | 1.0 |
| Reviewed transcript | 5.1 |
| Reviewed transcript; briefed issues on appeal | 4.6 |
| Briefed issues on appeal; drafted statement of facts | 7.0 |
| Drafted statement of facts; researched D. Md. and 4th Circuit case law | 3.7 |
| Researched; drafted Point I | 4.2 |
| Drafted Points I and II | 5.7 |
| Drafted Points II & III; edited & revised; drafted tables of content and authorities | 6.9 |
| Reviewed government response; drafted reply | 5.0 |
| Drafted/edited settlement proposal | 1.0 |
| **TOTAL** | **46.7** |

| Description of Work Billed by Paralegal | Hours |
|---|---|
| Drafted case initiating documents | 1.5 |
| Filed case initiating documents | 1.0 |
| ECF download (on 10 occasions) | 0.6 |
| Communication with Court Clerk re: case | 0.25 |
| ECF filing (on 4 occasions) | 1.2 |
| Certified transcript download | 0.5 |
| Communication with AUSA (on 2 occasions) | 0.12 |
| Assigned brief (on 2 occasions) | 0.5 |
| **TOTAL** | **5.67** |

## II.    DISCUSSION

The EAJA provides, in pertinent part, that:

> except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.'"  *Equal Emp't Opportunity Comm'n* v. *Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994) (quoting *Pierce* v. *Underwood*, 487 U.S. 552, 565 (1988)).  Here, the Commissioner does not dispute that Plaintiff was a prevailing party.  ECF No. 21 at 1.[2]  Nor does the Commissioner advance a particularized argument that challenges the billed hourly rates of $255.39 and $100.00 per hour, for attorneys and paralegals, respectively.  ECF No. 21.  Rather, the Commissioner maintains that "a significant reduction in fees" is warranted, as some of the hours billed by Plaintiff's counsel "were not reasonably expended."  *Id.* at 1.   The Commissioner suggested to Plaintiff's counsel that $6,500.00 would be an appropriate fee award but received no response.  *Id.* at 4.

A party seeking an award of fees under the EAJA must submit to the court "an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B) (providing that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee").  "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,' but is charged with the duty to ensure that the final award is

---

[2]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

reasonable." *Hyatt* v. *Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *Commissioner, Immigration & Naturalization Serv.* v. *Jean*, 496 U.S. 154, 163 (1990)).  Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983).  Further, a court may "reduce the fee award" where a motion for attorney's fees is supported by "vague or incomplete documentation." *Jermaine G.* v. *Kijakazi*, Civil Action No. GLS-21-2445, 2023 WL 5346140, *6 (D. Md. Aug. 21, 2023) (internal quotation marks and citation omitted); *accord James L.* v. *Commissioner of Soc. Sec. Admin.*, Civil Action No. CDA-23-1137, 2025 WL 1474387, at *3 (D. Md. May 21, 2025); *Coreen T.* v. *Commissioner, Soc. Sec.*, Civil Action No. SAG-19-3372, 2022 WL 2789083, at *2 (D. Md. July 14, 2022).

"Courts within this circuit have held . . . that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours." *Roth* v. *Commissioner, Soc. Sec.*, Civil Action No. SAG-14-62, 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015); *accord John W.* v. *Commissioner of Soc. Sec. Admin.*, Civil Action No. CDA-23-117, 2025 WL 2696358, at *1 (D. Md. Sept. 22, 2025); *Duane H.* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022); *Murray* v. *Colvin*, Civil Action No. TMD 14-1302, 2016 WL 7228872, at *2 (D. Md. Dec. 13, 2016).  Nonetheless, "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Murray*, 2016 WL 7228872, at *2 (citation omitted).  Rather, district courts are to consider factors relevant to the determination of reasonable attorneys' fees, including the novelty and difficulty of the questions raised, the experience of the attorney, the time and labor expended, and attorneys' fees awards in similar cases.  *Kirk T.* v. *Saul*, 489 F. Supp. 3d 411, 415 (D. Md. 2020); *see also Devera N.* v. *Commissioner of Soc. Sec. Admin.*, Civil Action No. CDA-23-642,

2025 WL 1474322, at *2 (D. Md. May 21, 2025) (considering the size of the administrative record, complexity of the case, length of the filings, time spent on administrative tasks, and fee awards in similar cases); *Amy S.* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. DLB-18-3760, 2019 WL 7037905, at *2 (D. Md. Dec. 20, 2019) (considering the complexity of the case, size of the administrative record, and fee awards in similar cases).

Here, the requested 5.67 hours of paralegal work and one hour of "reviewed/revised case initiating documents" billed by counsel are not compensable as attorney's fees under the EAJA. It is well established in this Court that that "purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees." *Jermaine G.*, 2023 WL 5346140, at *5 (citing *Missouri* v. *Jenkins by Agyei*, 491 U.S. 274, 288 (1989)); *see also Spencer* v. *Berryhill*, Civil Action No. CCB-17-1096, 2018 WL 2731210, at *2 (D. Md. June 7, 2018) (Gallagher, J.) (collecting cases), *report and recommendation adopted sub nom.*, 2018 WL 4492979 (D. Md. July 9, 2018). In this District, clerical tasks include:

> (1) collating and filing documents with the court; (2) issuing summonses; (3) scanning, and mailing documents; (4) reviewing files for information; (5) printing pleadings and preparing sets of orders; (6) document organization; (7) creating notebooks or files and updating attorneys' calendars; (8) assembling binders; (9) emailing documents; and (10) logistical telephone calls with the clerk's office or the judge's chambers.

*Jermaine G.*, 2023 WL 5346140, at *5. Plaintiff's counsel has been on notice that clerical tasks, regardless of who performs them, are not compensable under the EAJA, as this Court discussed this issue at length in *Jermaine G.*, a case that also involved Plaintiff's counsel's request for attorney's fees. 2023 WL 5346140, at *5-6. The requested fee award will therefore be reduced accordingly.

The remaining question is whether attorney's fees in the amount of $11,671.32 for 45.7 hours of non-clerical attorney work is "reasonable." *Hyatt*, 315 F.3d at 254. The Commissioner

contends that this was a routine disability case and Plaintiff's counsel billed for duplicative and redundant work, including 10.7 hours expended on identifying issues and drafting a statement of facts; adding an unnecessary table of contents and table of authorities; and logging excessive time for paralegal work such as filing case-initiating documents, downloading a transcript, and repeatedly drafting case-initiating documents.  ECF No. 21 at 3–4.  The undersigned concurs.

Plaintiff's counsel has appeared multiple times before this Court and his fee awards have been reduced for reasons similar to those at issue here.  *See, e.g.*, *Tiffany M.* v. *Kijakazi*, Civil Action No. AAQ-21-2284, 2026 WL 272401, at *3 (D. Md. Feb. 3, 2026) (reducing the fee award from $9,224 to $8,762.80 where, among other things, Plaintiff's counsel "could have worked more efficiently"); *Ellen C.* v. *Kijakazi*, Civil Action No. SAG-22-1698, 2023 WL 4490457, at *1,  (D. Md. July 12, 2023) (reducing the fee award from $7,392.99 to $5,824.78 where the supporting timesheets "fail[ed] to shed light on what time was spent drafting specific sections" of the brief and contained an unnecessarily detailed synopsis of the medical records); *Jermaine G.*, 2023 WL 5346140 at *5 (reducing the fee award from $8,344.90 to $5,375.17 under the EAJA where the "documentation [was] too vague to support his fee requests," non-compensable clerical tasks were listed, and the fee was significantly greater than most of the recent attorney's fee awards in similar matters); *Larry W.* v. *Social Sec. Admin.*, Civil Action No. SAG-19-3089, 2021 WL 2685364, at *1-2 (D. Md. June 30, 2021) (reducing the fee award from $7,448.28 to $5,000 where the case was of low complexity, "block billing and otherwise inadequate time entries" hindered the Court's ability to review for reasonableness, and there was a significant discrepancy between fees sought in this case and EAJA fees recently awarded in similar matters).  Notably, in *Ellen C.*, Plaintiff's counsel was explicitly advised that his fee request fell "significantly above the heartland of (and [was] sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture."  2023

WL 4490457 at *3 (identifying 15 cases awarding attorney's fees under EAJA ranging from $1,500.00 to $4,941.85).  The Court in *Ellen C.* further advised Plaintiff's counsel to include a "clearer summary of hours expended" and "ensure that tasks are properly described in sufficient detail to withstand a challenge."  *Id.* at *4.

Here, Plaintiff's counsel asserts that it took 10.7 hours to prepare and draft the statement of facts, which totaled 13 pages that included an introductory statement, issues presented, procedural history, background, physical and mental impairments, relevant medical records, Plaintiff's testimony, and the ALJ's decision.  ECF Nos. 13 at 5–18; 20-3.  In *Ellen C.*, Plaintiff's counsel sought fees for drafting 16 pages of text that included a "procedural section, medical evidence, medical opinions, and contentions," and this Court "reduce[d] the requested hours by five (5), from a total of 11.75 hours to 6.75 hours," noting that the information that was included provided little assistance and was redundant.  2023 WL 4490457, at *2.  Likewise, the nine-and-a-half pages in the statement of facts for this case captioned "Medical Records," which detailed treatment, medical opinions, and prior administrative medical findings, was duplicative and unhelpful.  ECF No. 13 at 6–13.  Thus, in accordance with the long-standing practice in this District, the undersigned declines to compensate Plaintiff for the entirety of her opening brief and will reduce the requested hours from 10.7 hours to 5.7 hours.  *E.g.*, *Ellen C.*, 2023 WL 4490457, at *2.

Plaintiff's counsel also asserts that drafting the arguments in the brief took a total of 16.8 hours.  This case is unlike *Tiffany M.*, where the case involved "complicated and extensive" medical records and had an unusually large administrative record that required "fact-intensive" analysis.  2026 WL 272401, at *2-3.  In *Tiffany M.*, Plaintiff's counsel sought and was awarded fees for 10.75 hours expended while drafting the argument portion of the brief.  *Id.* at *1-3.  The Court, however, reduced the fees sought for drafting the statement of facts from 18.5 to 12.5

hours, to "more appropriately accord[] with the 10.75 hours Plaintiff's counsel spent drafting the remaining portions of the brief, while respecting the fact-intensive nature of this case." *Id.* at *3. As this case is not as fact intensive as *Tiffany M.*, the undersigned will reduce the requested hours for drafting the arguments from 16.8 hours to 10 hours.

In sum, the 5.67 hours billed by the paralegal are denied.  Work billed by Plaintiff's counsel is reduced by a total of 12.8 attorney hours.  That leaves 33.9 billable attorney hours at the rate of $255.39, for a total of $8,657.72.  Plaintiff's counsel is advised that this reduced amount still falls significantly above the heartland of EAJA fee awards in similar cases.  *Leona A.* v. *Commissioner of Soc. Sec. Admin.*, Civil Action No. CDA-23-1251, 2025 WL 1474732, at *3 (D. Md. May 21, 2025) (collecting cases).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees under the EAJA is granted in part and denied in part.  A separate Order follows.


Date:  April 10, 2026                                      /s/
                                                   Erin Aslan
                                                   United States Magistrate Judge